# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| JEREMY RAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV608-044 |
| | ) | |
| FRED BURNETTE, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jeremy Ray filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 13, 2008. (Doc. 1.) On July 21, 2008, respondent filed an answer opposing Ray's petition. (Doc. 7.) For the reasons that follow, Ray's petition should be **DISMISSED** without prejudice for lack of exhaustion.

## I. BACKGROUND

On September 28, 1998, a Bulloch County jury convicted Ray of four counts of armed robbery, one count of possession of firearm

during a robbery, and one count of attempt to commit robbery. (Doc. 1 at 3.) He was sentenced to a total of fifty years' imprisonment. (Doc. 7-2 at 2.) On June 15, 2005, the Georgia Court of Appeals affirmed his conviction and sentence. Ray v. State, 615 S.E.2d 812 (Ga. Ct. App. 2005). The Georgia Supreme Court denied certiorari on October 24, 2005. (Doc. 7-2 at 2.) On October 2, 2006, petitioner filed a state habeas corpus petition in the Telfair County Superior Court, which was denied on March 4, 2008. (Resp't Exs. 1 & 4.) On May 20, 2008, the Supreme Court of Georgia denied Ray's application for a certificate of probable cause to appeal the state habeas court's decision. (Resp't Ex. 5.)

## II. ANALYSIS

Ray's petition asserts one claim of ineffective assistance of appellate counsel. (Doc. 1 at 6.) Respondent contends that Ray did not raise this claim before the state habeas court, so it is unexhausted and should be deemed procedurally defaulted. (Doc. 7-2 at 6.)

A state prisoner moving for federal habeas relief must have "exhausted the remedies available in the Courts of the state" before bringing a claim in federal court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("[a] prisoner must exhaust his remedies in state court . . . before he presents those claims to a federal court in a habeas petition"). If a claim was not "fairly presented" to the state court, the claim is unexhausted. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007). In determining whether a claim of ineffective assistance of counsel has been fairly presented in state court, and thus exhausted, the Eleventh Circuit has held that "where the petitioner calls the state court's attention to ineffective assistance of counsel problems and the court examines the crucial aspect of counsel's representation . . . the petitioner may relitigate the constitutional claim in federal court." Francis v. Spraggins, 720 F.2d 1190, 1193 (11th Cir. 1983). But "habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the

3

state courts." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992)).

In Ray's state habeas corpus petition, as amended, he contended that his appellate counsel, James Kidd, was ineffective because he "failed to raise a claim of ineffective assistance on trial lawyer . . . [and] failed to raise a claim of conflict of interest in trial counsel." (Resp't Ex. 2.) Ray's federal petition, however, contends that Kidd was ineffective for failing to request a sentence modification. (Doc. 1 at 4.) As this is the first time he has asserted this claim, it was not "presented face-up and squarely" to the state habeas court. Kelley, 377 F.3d at 1345 (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Because the state never had a full and fair opportunity to examine this claim, it is unexhausted. Id.; Ogle, 488 F.3d at 1368.

Normally, a habeas petitioner with an unexhausted claim is given the choice to either dismiss the petition and exhaust the claim in state court before resubmitting the claim in federal court, or

amend and resubmit the federal habeas petition to present only unexhausted claims. Kelley, 377 F.3d at 1351. However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Id. (quoting Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)). That is, "when a petitioner has failed to exhaust his claim by failing to present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar" to consideration of the claim in a subsequent federal habeas proceeding. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). But in order for a federal court to apply a state procedural bar rule "for the state," the court must be satisfied that there is no *reasonable possibility* that an exception to the procedural bar may still be available to the petitioner." Snowden, 135 F.3d at 736, 737 (emphasis added). Accord Bailey v. Nagle, 172 F.3d 1299, 1305 (11th Cir. 1999)

("federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is *clear* from state law that any future attempts at exhaustion would be futile") (emphasis added); Sims v. Singletary, 155 F.3d 1297, 1313 (11th Cir. 1998) ("A federal court must dismiss those claims that . . . are not exhausted but would *clearly* be barred if returned to state court."); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("the Georgia [successive petition] statute should be applied and enforced in a federal habeas proceeding even though there is no state court decision applying it to the claim in question . . . unless there is *some indication* that a state court judge would find" the claim could not have been raised in the initial state petition) (emphasis added).

Under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Those grounds not raised in the initial petition are considered waived and cannot be raised in a subsequent petition "unless the Constitution of the United States or

of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." Id. Ray has presented no excuse for his failure to raise the issue in his state habeas proceeding.[1] (Doc. 1 at 7.) Nevertheless, because of the extremely unusual circumstances under which Ray failed to exhaust his ineffective counsel claim, this Court cannot rule out the possibility that a state habeas court might find good reason for Ray's failure to raise that claim in his original state habeas petition and thereby excuse his non-compliance with O.C.G.A. § 9-14-51.

The facts underlying his present claim came to light at the state habeas corpus hearing when Ray called his appellate attorney, James Kidd, as a witness. (Resp't Ex. 6.) During cross-examination, the state's attorney asked Kidd how he prepared to represent Ray on

---

[1] Moreover, Ray has not argued cause and prejudice or actual innocence as a basis to excuse the procedural default of the claim. See Murray v. Carrier, 477 U.S. 478, 485 (1986); Johnson v. Singletary, 938 F.2d 1166, 1174–75 (11th Cir. 1991) (discussing federal exception to procedural default rule as established in Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977)).

7

appeal. (Id. at 8.) In responding to that question, Kidd stated, "[w]hat I didn't do . . . I did not file a timely request for review of sentence for modification and I should have." (Id. at 9.) He went on to say that he spoke with Ray's trial judge, who indicated that he was "inclined to grant a motion to reduce that sentence very, very substantially. By at least half and possibly, possibly a little more than that." (Id. at 9-10.) After Kidd volunteered his *mea culpa*, the state's attorney noted on the record that Ray had not raised the issue in his habeas petition. (Id. at 10.) Despite this warning, Ray did not move to amend his petition to assert the claim either at the habeas hearing or at any time in the year between the hearing and the state court's denial of his petition. (Resp't Exs. 4 & 6.) Consequently, the state court did not examine the contention in its order denying habeas relief.[2] (Resp't Ex. 4.)

---

[2] Although the state court knew of appellate counsel's admitted ineffectiveness, "'[i]t is not enough that all the facts necessary to support the federal claim were before the state courts. . . .' To exhaust the claim sufficiently, [a petitioner] must have presented the state court with th[e] particular legal basis for relief in addition to the facts supporting it." Kelley, 377 F.3d at 1350 (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). Consequently, despite Kidd's admission, this ground for relief is unexhausted.

This unique factual scenario raises an interesting question that this Court should afford the state court an opportunity to answer: Was the state habeas judge obliged under the Georgia (or federal) Constitution to determine whether Ray meant to amend his petition to assert this claim? Perhaps a state court would find that, given the attorney's clear admission of ineffective assistance that prejudiced his client's interests (by causing him to suffer a much longer sentence than the trial judge intended to impose), Ray was justified in assuming that the judge conducting the habeas hearing would not ignore this testimony but rather would treat counsel's admission as an additional example of ineffectiveness that Ray naturally intended to rely upon. Or perhaps a state court would conclude that, given Ray's relative unsophistication regarding the niceties of habeas practice and procedure, the habeas judge should have resolved this issue before ignoring a claim that any reasonable attorney (or skilled litigant) would have raised under these circumstances. Because there is at least some "reasonable possibility," Snowden, 135 F.3d at 737, that a state court might find

an exception to its procedural bar rule and consider Ray's unexhausted claim on the merits (thereby preserving it for federal review), this Court is unwilling to apply Georgia's successive petition rule for the state in this context.

## III. CONCLUSION

For all of the reasons explained above, Ray's petition should be **DISMISSED** without prejudice for lack of exhaustion. Ray may file a new habeas petition in the appropriate state court raising the precise ineffectiveness claim that he has asserted in his federal petition.

**SO REPORTED AND RECOMMENDED** this 7th day of August, 2008.

/s/ JRSmitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA